UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BRYAN ALLEN CARY,

        Plaintiff,                        Case No. 1:16-cv-1429

v.                                        Honorable Paul L. Maloney

MICHIGAN DEPARTMENT OF
CORRECTIONS et al. ,

        Defendants.
_____/

**OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against Defendant Michigan Department of Corrections on grounds of sovereign immunity. The Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claim for ethnic intimidation and, therefore, dismiss that claim. The Court will serve the remaining

claims in Plaintiff's complaint against Defendants Campbell, Smith, Fenby, Collins, Beecher, and Unknown Chaplain.

## Discussion

I. Factual allegations

Plaintiff Bryan Allen Cary is presently incarcerated with the Michigan Department of Corrections at the Bellamy Creek Correctional Facility (IBC) in Ionia, Michigan. Plaintiff's complaint, however, is based upon events at the Carson City Correctional Facility (DRF) in Carson City, Michigan, where Plaintiff was housed from March through October, 2016.[1] Plaintiff was transferred to DRF from the Marquette Branch Prison (MBP) in Marquette, Michigan. He was transferred to MBP from IBC. This lawsuit is the fifth suit Plaintiff has filed in this Court in 2016.[2] It is the third lawsuit he has filed with respect to his First Amendment right to freely exercise his religion by possessing a medicine bag.[3]

Plaintiff is an adherent of Native American religion. During 2012, MDOC employees at the IBC confiscated Plaintiff's medicine bag when he was transferred to segregation.[4] The bag was ultimately returned to him, but Plaintiff filed suit against the MDOC employees he claimed were responsible for taking the bag and mistreating it.

---

[1]See Change of Address Notices, *Cary v. Robinson et al.*, No. 1:13-cv-431 (W.D. Mich.) (ECF Nos. 115, 183.)

[2]*See Cary v. Napel et al.*, No. 2:16-cv-29 (W.D.Mich.) (filed February 4, 2016); *Cary v. Napel et al.*, No. 2:16-cv-102 (W.D. Mich.) (filed May 2, 2016); *Cary v. Hemmillia et al.*, No. 2:16-cv-275 (W.D. Mich.) (filed December 16, 2016); *Cary v. Robare*, No. 2:16-cv-276 (W.D. Mich.) (filed December 16, 2016).

[3]See *Cary v. Robinson et al.*, No. 1:13-cv-431 (W.D. Mich.) (claims regarding possession of a medicine bag while incarcerated at the Bellamy Creek Correctional Facility); *Cary v. Napel et al.*, No. 2:16-cv-102 (W.D. Mich.) (claims regarding possession of a medicine bag while incarcerated at the Marquette Branch Prison).

[4]A brief but informative explanation of the history of Plaintiff's medicine bag is set forth in a November 9, 2016 order denying its return to Plaintiff. *See Cary v. Robinson et al.*, No. 1:13-cv-431 (W.D. Mich.) (Order, ECF No. 185.) The chronology set forth in the order is consistent with the facts alleged by Plaintiff in the instant complaint.

Plaintiff possessed the medicine bag when he was transferred to MBP; however, three years after his arrival, MDOC employees at MBP took the medicine bag, apparently as contraband, because it was "homemade" and, thus, an impermissible hobbycraft item. The medicine bag was transferred to DRF, but was never provided to Plaintiff. Plaintiff has transferred out of DRF, but the bag apparently did not go with him. Plaintiff claims it has been lost or destroyed.

Plaintiff created new medicine bags while he was at DRF, one for himself and one for his Protestant cellmate. DRF staff confiscated and ordered the destruction of Plaintiff's new bag, but left his cellmate's bag alone. Plaintiff claims that DRF staff also permit other prisoners to possess homemade medicine bags or similar items.

Plaintiff sues the MDOC, DRF Warden Sherman Campbell, DRF Deputy Wardens Unknown Smith and Unknown Fenby, DRF property room Sergeant Unknown Collins, DRF Assistant Resident Unit Supervisor Unknown Beecher, and the DRF Chaplain, whom Plaintiff was not able to identify. Plaintiff claims that Defendants Campbell, Smith, Fenby, and Collins have each played a direct role in refusing him his medicine bag. He claims Defendant Fenby refused to return the medicine bag in retaliation for Plaintiff's filing of the lawsuit regarding the medicine bag, presumably *Cary v. Robinson et al.*, No. 1:13-cv-431 (W.D. Mich.). Plaintiff claims that Defendants Fenby and the DRF Chaplain were directly involved in the confiscation and destruction of his new bag. Finally, Plaintiff contends that Defendant Collins is directly responsible for the loss or destruction of the medicine bag that was transferred to DRF from MBP.

Plaintiff claims that Defendants have violated his First Amendment rights to freely exercise his religion and access the courts as well as his Fourteenth Amendment rights to due process and equal

protection. Plaintiff files suit under 42 U.S.C. § 1983 seeking recompense for these violations. Plaintiff also claims that Defendants Beecher and Collins have violated Plaintiff's right to be free of religious or ethnic intimidation that results in damage to Plaintiff's personal property. Plaintiff seeks relief under MICH. COMP. LAWS § 750.147b.[5] Plaintiff seeks compensatory and punitive damages against each Defendant as well as appropriate equitable relief.

## II. Sovereign Immunity

Plaintiff may not maintain a § 1983 action against the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money

---

[5]The statute defines "ethnic intimidation" and declares such conduct a felony. It also provides: "a person who suffers . . . damge to his or her property as a result of ethnic intimidation may bring a civil cause of action against the person who commits the offense to secure an injunction, actual damages, including damages for emotional distress, or other appropriate relief. MICH. COMP. LAWS § 750.147b(3). Such damages are limited to $2,000.00. *Id.*

damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the MDOC.

### III.     Supplemental Jurisdiction

Plaintiff invites the Court to exercise supplemental jurisdiction over Plaintiff's state law claim for ethnic intimidation. Plaintiff made a similar claim in *Cary v. Robinson et al.*, No. 1:13-cv-431 (W.D. Mich.). In that case, this Court acknowledged that Plaintiff's allegations "appear sufficient to support a cause of action for ethnic intimidation . . . ." *Id.* (Report and Recommendation, ECF No. 119, PageID.602) *adopted* (Order, ECF No. 164.) Nonetheless, the Court declined to exercise supplemental jurisdiction because it would place the Court "in the position of deciding as a matter of first impression whether a prisoner can state a civil cause of action for ethnic intimidation against a prison employee when the alleged injury is damage to contraband." *Id.* (Report and Recommendation, ECF No. 119, PageID.603.) Such a "novel question," the Court reasoned, "should be decided by the state court." *Id.* Because the same novel question is presented in the instant case,[6] the Court will again decline to exercise supplemental jurisdiction. Plaintiff's state-law claim for ethnic intimidation is, therefore, dismissed.

### IV.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.

---

[6] In *Cary v. Robinson et al.*, No. 1:13-cv-431 (W.D. Mich.), the medicine bag was considered contraband because it had a string. Here, the medicine bag was considered contraband because it was "hobbycraft." *See* note 4, *infra*. That distinction does not warrant a different result.

*Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that the conduct of the individual Defendants violated his First Amendment rights to freely exercise his religion and access the courts and his Fourteenth Amendment rights to due

process and equal protection. Construed liberally, Plaintiff's allegations suffice to state claims under 42 U.S.C. § 1983. Accordingly, the Court will order service of Plaintiff's complaint upon Defendants Campbell, Smith, Fenby, Collins, and Beecher.[7]

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant MDOC will be dismissed on grounds of sovereign immunity pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's state-law claim for ethnic intimidation will be dismissed because the Court declines to exercise supplemental jurisdiction over the novel question the claim raises. The Court will serve the complaint against Defendants Campbell, Smith, Fenby, Collins, and Beecher.

An Order consistent with this Opinion will be entered.


Dated:   January 11, 2017                  /s/ Paul L. Maloney
                                           Paul L. Maloney
                                           United States District Judge

---

[7] The Court lacks sufficient information at this juncture to order service upon Defendant Unknown DRF Chaplain.